IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES L. JOHNSON, JR., | ) | CIVIL NO. 11-00704 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT (1) PLAINTIFF'S |
| vs. | ) | APPLICATION TO PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES BE GRANTED; |
| | ) | (2) PLAINTIFF'S ADEA CLAIM BE |
| STATE OF HAWAII DEPARTMENT OF | ) | DISMISSED WITH PREJUDICE; AND |
| EDUCATION, | ) | (3) PLAINTIFF'S REQUEST FOR |
| | ) | APPOINTMENT OF COUNSEL BE |
| Defendant. | ) | DENIED |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES BE GRANTED; (2) PLAINTIFF'S
ADEA CLAIM BE DISMISSED WITH PREJUDICE; AND (3) PLAINTIFF'S
REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED[1]

On November 17, 2011, *pro se* Plaintiff James L. Johnson, Jr. ("Plaintiff") filed an Employment Discrimination Complaint ("Complaint") herein. Plaintiff's Complaint alleges that the Defendant State of Hawaii Department of Education ("DOE") discriminated against him by failing to employ him on the basis of his race or color (Caucasian) and sex (male), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and on the basis of his age (69

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

years old), in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA").

Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs ("IFP Application") and Request for Appointment of Counsel ("Counsel Request") which were filed on the same day. The Court finds these matters suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's IFP Application, Counsel Request, the Complaint, and the supporting declarations attached thereto, the Court HEREBY FINDS AND RECOMMENDS that (1) Plaintiff's IFP Application be GRANTED; (2) Plaintiff's ADEA claim be DISMISSED WITH PREJUDICE; and Plaintiff's Counsel Request be DENIED.

## LEGAL STANDARD

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act ("PLRA"). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v.

E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Moreover, a complaint must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), which

3

mandates that a complaint include a "short and plain statement of the claim" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to any relief as required by this rule. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

ANALYSIS

A.  Plaintiff's IFP Application Should Be Granted

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2011 Poverty Guidelines indicate that the poverty threshold for a two-person family in Hawaii is $16,930.00.[2] 2011 HHS Poverty Guidelines, 76 Fed. Reg. 3637-38 (Jan. 20, 2011). Plaintiff has submitted a declaration stating that he is employed as a substitute teacher for approximately two days per week, and his take-home pay is $15,600.00 per year. Plaintiff further states that he receives $957.00 per month in social security payments and that he sometimes, but not currently, receives rental income.

Plaintiff indicates that he has about $800.00 in his checking and savings accounts, and owns a 2006 Toyota Corolla, a 1986 Ford F-150, and a 24 x 24 house and a 15-year-old sailboat

---

[2] Plaintiff has indicated that his twelve-year-old son is dependent upon him for $400.00 of monthly child support.

he built.  Plaintiff also claims to have over $18,000.00 in debts, which includes more than $8,500.00 in student loans. Based on the information provided in his declaration, the Court finds that Plaintiff has demonstrated that he is unable to pay court costs at this time and qualifies for IFP status under 28 U.S.C. § 1915(a)(1).  Therefore, the Court recommends that Plaintiff's request to proceed without prepayment of fees be granted.

**B.   Plaintiff's ADEA Claim Should Be Dismissed With Prejudice**

Plaintiff asserts an age discrimination claim under the ADEA, which makes it "unlawful for an employer to fail or refuse to hire . . . any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).  Plaintiff brings this claim against the sole Defendant, the DOE.  However, ADEA claims are barred against the states and state actors.  See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 82-83 (2000) (holding that the Eleventh Amendment bars ADEA claims against state actors). Moreover, because the ADEA is the exclusive remedy for age discrimination in employment, Plaintiff would be unable to assert an age discrimination claim against the DOE under another federal statute, such as 42 U.S.C. § 1983, seeking to vindicate constitutional rights.  See Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1060 (9th Cir. 2009).

The Court recognizes that *pro se* litigants are entitled to notice of a complaint's deficiencies and an opportunity to amend prior to dismissal of an action. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is not required where it is clear that no amendment could cure the defect. Id.; see also Lopez, 203 F.3d at 1130 ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). In this case, it is clear that there are no other facts Plaintiff could allege which would permit him to bring an ADEA claim against the DOE. For this reason, the Court recommends that Plaintiff's ADEA claim be dismissed with prejudice.

**C. Plaintiff's Request for Appointment of Counsel Should Be Denied**

There is no constitutional right to the appointment of counsel in employment discrimination cases. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). However, Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." 42 U.S.C. § 2000e-5(f)(1). The decision to appoint counsel in Title VII cases is left to the sound discretion of the district court. Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994). The following three factors are relevant to a court's determination of whether to

appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim. Id. at 416-17. The Court addresses these factors in turn.

As to the first factor, Plaintiff has demonstrated that his yearly income falls below the poverty threshold for Hawaii and he qualifies for IFP status. A lesser showing of indigency than that required for IFP status is needed to satisfy the test for appointment of counsel. Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981). As a result, the Court finds that Plaintiff's limited financial resources weigh in favor of appointing counsel.

The second factor requires the plaintiff to "make what can be considered a reasonably diligent effort under the circumstances to obtain counsel. Id. In Bradshaw, the plaintiff met this threshold by contacting more than ten attorneys, each of whom declined to represent her except upon financial terms that she was unable to meet. Id. Here, Plaintiff states that he contacted five attorneys, but was unable to find one willing to represent him on terms that he could afford. While the Court recognizes that Plaintiff has made some effort to retain counsel, greater efforts could be made. See, e.g., Turner v. Dep't of Educ., Civ. No. 10-00707 ACK-BMK, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (holding that contacting seven attorneys and

Volunteer Legal Services of Hawaii was not a reasonably diligent effort to obtain counsel). Contingent fee arrangements are often appropriate when a plaintiff is able to demonstrate the existence of a valid claim, so it may be that Plaintiff must focus on establishing for counsel why his claims are colorable. See Gregory v. Hilton Resorts Corp., Civ. No. 08-00476 SOM-BMK, 2008 WL 4755672, at *1 (D. Haw. Oct. 23, 2008) (encouraging complainant to make further efforts to secure counsel and provide counsel with details supporting his claims). On the present record, the Court finds that Plaintiff has not made a reasonably diligent effort under the circumstances to obtain counsel.

As to the third and final factor, the plaintiff must show that his claim has "some merit." Bradshaw, 662 F.2d at 1319. Title VII makes it "an unlawful practice for an employer to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In deciding whether a claim has some merit, "the EEOC determining regarding 'reasonable cause' should be given appropriate weight." Id. at 1319-20. In this case, the EEOC sent Plaintiff a notice that he had the right to institute a civil action under Title VII against the DOE because the statutory time period elapsed since the time Plaintiff filed his charge and the EEOC had not filed suit. The EEOC's notice specifically stated that it "should not be taken to

mean that the Department of justice has made a judgment as to whether or not your case is meritorious."  In light of the EEOC's decision to not make a finding as to reasonable cause, the Court cannot say definitively that Plaintiff's claim has "some merit."  Therefore, the Court finds that the third factor is neutral and weighs neither in favor nor against the of appointment of counsel.

Nevertheless, in considering these three factors, the Court finds that Plaintiff's failure to make a reasonably diligent effort to obtain counsel weighs most heavily.  Moreover, the Court observes that Plaintiff's Complaint does not present complex issues of law, and he appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed *pro se*.  See McCue v. Food Pantry, Ltd., Civ. No. 08-00129 ACK-KSC, 2008 WL 852018, at *3 (D. Haw. Mar. 28, 2008).  Further, Plaintiff should note that in most cases, the Court cannot expend public resources to provide plaintiffs with counsel.  Id.  Accordingly, the Court recommends that Plaintiff's request for appointment of counsel be denied.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed on November 17, 2011, be GRANTED.  The Court further FINDS AND RECOMMENDS that

Plaintiff's age discrimination claim brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. be DISMISSED WITH PREJUDICE.  Finally, the Court FINDS AND RECOMMENDS that Plaintiff's Request for Appointment of Counsel, also filed on November 17, 2011, be DENIED.

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, NOVEMBER 23, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

JOHNSON V. STATE OF HAW. DEP'T OF EDUC.; CIVIL NO. 11-00704 ACK-RLP; FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE GRANTED; (2) PLAINTIFF'S ADEA CLAIM BE DISMISSED WITH PREJUDICE; AND (3) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED